# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DUSTIN JOHN GEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 17-00269-KD-B |
| | ) | |
| APPLIED FLOORING, INC., *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court a motion to approve an FLSA settlement agreement filed by Plaintiff and Defendant Applied Flooring, Inc., providing for $10,000 to be paid to Plaintiff ($700 for unpaid overtime wages and $9,300 to his counsel (fees/costs)). (Docs. 36, 36-1).

In Lynn's Food Stores, Inc. v. United States ex rel. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit recognized two (2) methods for settlement of claims brought pursuant to the FLSA: supervision by the Secretary of Labor; or court approval in a private action where a plaintiff is represented by counsel. As to the latter, which applies here, the parties may compromise and settle the FLSA claims but only with Court approval of the settlement agreement.

Specifically, courts must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA claims. Lynn's Food Stores, 679 F.2d at 1352-1355; Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1238-1239 (M.D. Fla. 2010). Evaluating the fairness of an FLSA compromise includes an assessment of: 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the

1

merits; 5) the range of possible recovery; and 6) the opinions of the counsel. Dees, 706 F.Supp.2d at 1241. Additionally, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009). "When a settlement agreement includes….attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Id. Moreover, 29 U.S.C. § 216(b) provides that "...[a]ny employer who violates…shall be liable to the employee….affected in the amount of….their unpaid overtime compensation….and in an additional equal amount as liquidated damages...The court…shall, in addition to any judgment awarded to the plaintiff…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Thus, "in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." Vergara v. Delicias Bakery & Restaurant, Inc., 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012).

**I.      Bona Fide Dispute and Fair and Reasonable Resolution**

The court may approve a compromise resolving a bona fide dispute over FLSA provisions where a plaintiff's compromise of his claims (the settlement agreement) is a fair and reasonable resolution of that dispute. Lynn's Food, 679 F.2d at 1352-1355; Dees, 706 F.Supp.2d at 1238-1239. This means that "the parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." Dees, 706 F.Supp.2d at 1241. Based on a review of the docket, the motion and attached proposed settlement agreement, the Court finds a bona fide dispute as to whether Applied is Plaintiff's employer and whether Plaintiff was already paid. Additionally, the parties agree that the terms of settlement are fair, reasonable and

resolve a bona fide dispute between them with respect to liability and damages under the FLSA. Moreover, the parties agree that both sides compromised their positions. Further, the settlement terms do not appear to contain any disfavored provisions that encumber approval of any FLSA settlement agreement (e.g., pervasive release, confidentiality, future employment waiver, etc.).

## II.     Attorneys' Fees & Costs/Expenses

In FLSA actions, courts rely on the lodestar method for determining the reasonableness of the fees sought. Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441 Fed. Appx. 684 (11th Cir. 2011); Perez v. Carey Int'l, Inc., 373 Fed. Appx. 907 (11th Cir. 2010); Norman v. Alorica, Inc., 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012); Wolff v. Royal Am. Mgt., Inc., 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012). Under the lodestar method, courts multiply the number of hours reasonably expended by a reasonable hourly rate for similar legal services. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1147, 1150 (11th Cir. 1993). Adjustments may be made "as necessary[.]" Blum v. Stenson, 465 U.S. 886, 888 (1984)."[1] Moreover, the FLSA requires that the "court in such action shall….allow a reasonable attorney's fee….and costs of the action." 29 U.S.C. § 216(b). Further, the "FLSA requires judicial review…to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva, 307 Fed. Appx. at 352;

---

[1] Norman v. Hous. Auth. of the City of Montg., 836 F.2d 1292 (11th Cir. 1988). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the court still must determine whether time was reasonably expended and if not, that time should be excluded. Id. While the "lodestar" method effectively replaced the balancing test in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), the 12 Johnson factors "might still be considered in terms of their influence on the lodestar amount. The factors are: 1) time/labor required; 2) novelty/difficulty of the questions; 3) skill requisite to perform the services properly; 4) preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed/contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and results obtained; 9) experience, reputation, and ability of the attorney; 10) "undesirability" of the case; 11) nature/length of the professional relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-719.

Czopek v. Tbc Retail Group., Inc., 2016 WL 7116112, at *5 (M.D. Fla. Nov. 7, 2016), *report and recommendation adopted,* 2016 WL 7104187 (M.D. Fla. Dec. 6, 2016) (same). Courts thus consider whether the fees were negotiated separately and apart from a plaintiff's settlement of the FLSA claims. Wing v. Plann B Corp., 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) *report and recommendation adopted,* 2012 WL 4746190 (M.D. Fla. Oct. 4, 2012) (where there is a reasonable basis for compromise and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees…there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

There is insufficient information before the Court to conduct a lodestar analysis to determine the reasonableness of the attorneys' fees/costs requested (i.e., no billing records, no invoices for costs/expenses, no discussion of the reasonableness factors, etc.). The billing attorneys have not even been properly identified to the Court (e.g., "the associate attorney has over 13 hours in this case…"). (Doc. 36 at 4). Moreover, the billing rates are described as "consistent with what counsel has been awarded in *their* legal community" (Florida), providing no information as to whether the rates are reasonable in the *relevant* legal community (Mobile, Alabama).

**Further, there is no representation that the settlement was negotiated separately from counsel's fees and costs and thus had no impact on Plaintiff's total recovery.** Lyons v. Beef O' Brady's, 2015 WL 5602452, *3 (S.D. Ala. Sept. 23, 2015). See also e.g., Czopek, 2016 WL 7116112, *5; Wing, 2012 WL 4746258, *4; Bonetti v. Embarq Mgt, Co., 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009) (discussing the need for such representation by the parties on the record before approving FLSA settlements).

### III. Other

The settlement agreement is signed by Express. Express was dismissed as a party on December 5, 2017 (Doc. 28) and the Court has no jurisdiction over Express. In this posture, the Court will not approve a settlement that releases Express from FLSA related claims.

The filing parties move that, upon approval of the FLSA settlement agreement, the Court retain jurisdiction to enforce its terms. (Doc. 36-1 at 7). As noted in Goldsby v. Renosal Seating, LLC, 294 F.R.D. 649, 654 (S.D. Ala. 2013): "[a]s a general rule, this Court does not retain jurisdiction to enforce the terms of any settlement agreement. Moreover, [as here] the parties….did not provide…any factual or legal basis for the Court to retain jurisdiction."

### IV. Conclusion

Accordingly, it is **ORDERED** that the motion to approve the FLSA settlement agreement (Doc. 36) filed by Plaintiff and Defendant Applied Flooring, Inc. is **DENIED.** It is further **ORDERED** that on or before **April 18, 2018,** the parties shall jointly file: 1) a new motion and FLSA settlement which cures the foregoing deficiencies; 2) the necessary documentary support for attorney's fees/costs; 3) the basis for this Court to retain jurisdiction; and 4) clarification as to any other matters noted *supra*.

**DONE** and **ORDERED** this the **4th** day of **April 2018.**

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**CHIEF UNITED STATES DISTRICT JUDGE**