### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DUSTIN JOHN GEE,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 17-00269-KD-B |
| ) | |
| **APPLIED FLOORING, INC.,** *et al.*, ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on a revised (third) motion to approve a $10,000 FLSA settlement agreement (Doc. 54) with a Settlement Agreement and Release (Doc. 54-1), which the Court construes as reasserting Plaintiff's motion to approve attorney's fees/costs. (Doc. 41 (as amended per Doc. 54)).

**I.   Background**

In his complaint (as amended), Plaintiff Dustin John Gee (Plaintiff) alleges that the Defendants Applied Flooring, Inc. (Applied) and Express Services, Inc. (Express) violated the *Fair Labor Standards Act of 1938*, as amended, 29 U.S.C. § 201 *et seq,* (FLSA) by unlawfully failing to pay him overtime pay for hours worked over 40 hours during the three (3) years before the Complaint was filed ("back-due unpaid wages").  The parties have now reached a settlement of Plaintiff's claims, to avoid the costs and uncertainty of litigation, and seek the Court's approval of same, with submission of the following as the agreed upon record:

> Plaintiff contends that he was employed by Defendants from 2013 until March of 2017 and was paid $15.00 an hour for regular time and $22.50 for overtime hours worked, but contends he was not paid the overtime premium for all of the hours he worked over 40 hours in a work week.  Based on Plaintiffs calculation, the most that Plaintiff would be entitled for unpaid wages is approximately $1,100.00, plus a possible equal amount of liquidated damages. This amount assumes that he was employed by Defendants at all

>times relevant to this lawsuit. Defendant Applied Flooring, Inc. argues that Plaintiff resolved all or most of the overtime wage claim before the lawsuit was filed through a payment he accepted in April of 2017, and it argues as well that it acted in good faith and that the liquidated damages are not owed in any event. As such, the Plaintiff believes that the settlement is reasonable and fair….
>
> ***
>
>….During the litigation and settlement of this action, Plaintiff and Defendants were represented by counsel experienced in FLSA litigation. The parties voluntarily agreed to the terms of their Settlement Agreement. The parties were advised and represented by counsel throughout the litigation and the settlement process. The parties contend that the settlement is reasonable and is fair…..

(Doc. 54 at 4-5). The parties agree to the following: Defendants shall pay Plaintiff **$700.00** as unpaid overtime; and Defendants shall pay Plaintiff's attorneys' fees and costs in the amount of **$9,300.00** ($8,633.42 in attorneys' fees and $666.58 in costs) payable to the Law Office of Jeremiah J. Talbott. (Doc. 54 at 4, 6; Doc. 41).

In sum, the parties agree and propose that: 1) the terms of settlement are fair, reasonable, and resolve a bona fide dispute among them with respect to liability and damages under the FLSA; 2) while the case constitutes a bona fide dispute, the parties compromised their positions; and 3) the attorneys' fees and costs are reasonable and were negotiated separately.

## II.   Discussion

This is an FLSA collective action case and the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA in order to approve the settlement. See, e.g., Lynn's Food Stores, Inc. v. United States of America, 679 F.2d 1350 (11th Cir. 1982). In Lynn's Food, 679 F.2d at 1352-1355, the Eleventh Circuit recognized two (2) methods for settlement of claims brought pursuant to the FLSA: supervision by the Secretary of Labor; or court approval in a private action where a plaintiff is represented by counsel. As to the latter, which applies here, the parties may

compromise and settle the FLSA claims but only with Court approval of the settlement agreement. The rationale is that:

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food, 679 F.2d at 1354. The circuit court concluded that:

> [o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

Id. at 1355.[1] Therefore, before entry of a stipulated judgment, the Court must determine whether there is a "bona fide dispute over FLSA provisions," and then determine whether the settlement agreement proposed is a fair and reasonable resolution of that dispute.

Moreover, Lynn's Food requires this Court to determine whether Plaintiffs' compromise of his claim is fair and reasonable. Lynn's Food, 679 F.2d at 1352-1355; Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1238-1239 (M.D. Fla. 2010). Evaluating the fairness of an FLSA

---

[1] Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages... and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "Such an award is generally mandatory where a FLSA violation is found[.]" Butler v. Cleburne Cty. Comm'n, 2012 WL 2357740, *21 at note 17 (N.D. Ala. Jan., 17, 2012). See also Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282 (11th Cir. 2008).

compromise includes an assessment of: 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel. Dees, 706 F.Supp.2d at 1241.

Further, in Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009), the Eleventh Circuit noted that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" "[I]n any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." Vergara v. Delicias Bakery

Finally, "[w]hen a settlement agreement includes….attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Id. Moreover, 29 U.S.C. § 216(b) provides that "...[a]ny employer who violates…shall be liable to the employee….affected in the amount of….their unpaid overtime compensation….and in an additional equal amount as liquidated damages...The court…shall, in addition to any judgment awarded to the plaintiff…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Thus, "in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." Vergara v. Delicias Bakery & Restaurant, Inc., 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012).

As detailed in Docs. 37 and 43, the Court denied the prior two (2) motions to approve the FLSA settlement agreement due to the following deficiencies: 1) the lack of any representation by that the settlement was negotiated separately from counsel's fees/costs and so had no impact on Plaintiff's total recovery; 2) failure to provide sufficient information as to the reasonableness of the attorneys' fees/costs requested; 3) the request and inclusion of a settlement term that the Court retain jurisdiction over the settlement/release; and 4) inclusion of Express Services, Inc. (Express) as a party to the settlement/release when it was not a party in this case. Plaintiff has since amended his complaint to add Express back as a defendant (Plaintiff voluntarily dismissed Express as a defendant on 12/5/17- Doc. 28), to provide the basis for this Court's exercise of jurisdiction over Express. The parties have also withdrawn the retention of jurisdiction request. (Doc. 42 at 6 at note 4). As to the lack of representation by the parties that the settlement was negotiated separately from counsel's fees and costs and thus had no impact on Plaintiff's total recovery, the parties now assert (Doc. 42 at 4 at note 2) that via Doc. 41 (Plaintiff's motion for fees/costs): "Plaintiff confirmed that the agreement respecting attorney's fees and costs was negotiated separately from -- and after -- the agreement was reached…" Regarding the reasonableness of the fees/costs requested, such has been supplemented and is addressed *infra*.

Upon consideration, approval of the FLSA settlement is proper because: 1) a bona fide FLSA dispute exists; and 2) the terms of settlement are fair, reasonable, and resolve a bona fide dispute among them with respect to FLSA liability and damages; 3) the parties compromised their positions; 4) the scope and terms of the settlement do not contain disfavored provisions encumbering approval; 5) the parties no longer seek the Court's retention of jurisdiction (Doc. 54

at 6 at note 3); and 6) the attorneys' fees and costs were negotiated separately from Plaintiff's settlement. (Doc. 41 at 17; Doc. 54 at 4 at note 2). See also Doc. 37 at 2-3.

### III. Attorneys' Fees & Costs/Expenses

Plaintiffs' counsel seeks **$9,330.00**[2] **($8,633.42**[3] in **attorneys' fees** plus **$666.58**[4] in **costs)** incurred by attorneys Jeremiah Talbott (Talbott) and Michael Stallings (Stallings) and paralegal Catherine Freeman, from April 20, 2017 through April 17, 2018. (Doc. 41; Doc. 41-1 (Billing Record); Doc. 54).[5] Specifically, **$350/hour** for Talbott, having 20 years of experience; **$175/hour**[6] for Stallings, having approximately two (2) years of experience; and **$90/hour**[7] for paralegal Freeman, with over five (5) years of experience. (Doc. 41 at 11; Doc. 41-1 at 8; Doc. 41-2 at 6-7 (Decltn. Talbott)). In support, counsel also submits billing statements, costs statements, and his declaration. (Doc. 41-1; Doc. 41-2).

### A. Attorneys' Fees

In FLSA actions, courts rely on the lodestar method for determining the reasonableness of the fees sought. Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441 Fed. Appx. 684

---

[2] This amount differs from the amount currently requested and set forth in the amended settlement - $9,300.00.

[3] Counsel simultaneously submitted a lower fee of $8,586.02. Cf. Doc. 54 with 41 at 1, 3, 8, 18. The Court relies on the amount sought in the current motion (Doc. 54).

[4] Counsel has also sought, instead, $743.98. Cf. Doc. 41 at 3, 16, 18 with Doc. 41-1 at 8.

[5] Counsel apparently reduced his billed fees of 43.40 hours of attorney time to 41 hours attorney time. Cf. Doc. 41 to Doc. 54. Counsel also apparently reduced his overall fees recovery several thousand dollars. This, counsel may do, in his/her discretion.

[6] Stallings rate varies from $150, to $170, to $175/hour, in terms of the rate requested. Cf. Doc. 41 at 8, 11 with Doc. 41-2 at 7. The Court has set forth the highest rate.

[7] Freeman's rate varies from $75-$90/hour, in terms of the rate requested. Cf. Doc. 41 at 8, 11 with Doc. 41-2 at 7. The Court has set forth the highest rate.

(11th Cir. 2011); Perez v. Carey Int'l, Inc., 373 Fed. Appx. 907 (11th Cir. 2010); Norman v. Alorica, Inc., 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012); Wolff v. Royal Am. Mgt., Inc., 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012). Under the lodestar method, courts multiply the number of hours reasonably expended by a reasonable hourly rate for similar legal services. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1147, 1150 (11th Cir. 1993). Adjustments may be made "as necessary[.]" Blum v. Stenson, 465 U.S. 886, 888 (1984)."[8] Moreover, the FLSA requires that the "court in such action shall….allow a reasonable attorney's fee….and costs of the action." 29 U.S.C. § 216(b). Further, the "FLSA requires judicial review…to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva, 307 Fed. Appx. at 352; Czopek v. Tbc Retail Group., Inc., 2016 WL 7116112, at *5 (M.D. Fla. Nov. 7, 2016), *report and recommendation adopted,* 2016 WL 7104187 (M.D. Fla. Dec. 6, 2016) (same). Courts thus consider whether the fees were negotiated separately and apart from a plaintiff's settlement of the FLSA claims. Wing v. Plann B Corp., 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) *report and recommendation adopted,* 2012 WL 4746190 (M.D. Fla. Oct. 4, 2012) (where there is a reasonable basis for compromise

---

[8] Norman v. Hous. Auth. of the City of Montg., 836 F.2d 1292 (11th Cir. 1988). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the court still must determine whether time was reasonably expended and if not, that time should be excluded. Id. While the "lodestar" method effectively replaced the balancing test in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), the 12 Johnson factors "might still be considered in terms of their influence on the lodestar amount. The factors are: 1) time/labor required; 2) novelty/difficulty of the questions; 3) skill requisite to perform the services properly; 4) preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed/contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and results obtained; 9) experience, reputation, and ability of the attorney; 10) "undesirability" of the case; 11) nature/length of the professional relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-719.

and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees…there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

Finally, regardless of who is doing the billing, courts may only award fees time spent by attorneys, or for the work of non-lawyer paralegals and non-lawyer law clerks but only to the extent they perform work "traditionally done by an attorney[]" -- i.e., not for overhead (secretarial/administrative tasks). Vanderbilt Mortg. And Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012). See also Brown v. Lambert's Cafe III, 2016 WL 325131, *6 and note 4 (S.D. Ala. Jan. 27, 2016). Clerical or secretarial tasks (i.e., administrative work) are not recoverable, as those are overhead expenses.[9] Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[]"). See also e.g., Ford v. Navika Capital Group, LLC, 2017 WL 1381668, *3-4 (S.D. Ala. Apr. 17, 2017); Brown v. Lambert's Cafe III, 2016 WL 325131, *6 and note 4 (S.D. Ala. Jan. 27, 2016); Vanderbilt Mortg. And Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012). As explained in Navika, 2017 WL 1381668 at *3-4 (internal citations omitted):

> Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those

---

[9] Non-recoverable tasks. See, e.g., Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013); Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012); Andriello v. CFI Sales & Marketing, Inc., 2012 WL 3264920, *9 (M.D. Fla. Jan. 4, 2012); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Ala. 2000).

> documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc…[FN4]...
>
>> [FN4] ….(clerical tasks such as "Review Summons Issued," "Call to Clerk to confirm Summons were sent to Marshall for service," "Download/Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," are not compensable as attorney fees);….(downloading, scanning or saving files or docket entries are not recoverable); …..(an attorney in an FLSA case should not be permitted to recover fees for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by counsel).
>
> ... The billing records include numerous entries for such tasks (…."receive settlement agreement and W9 form signed from client: scan to file and save,"…."re-scan settlement agreements into S drive for clients", …"further preparation of documents for client correspondence", …"conference with counsel regarding strategy on service affidavits," …"compilation of correspondence and pleadings regarding all parties in lawsuit,"… "analysis of scheduling order/docket.."…. "save supplemental report regarding settlement to S drive," "Operation of Spreadsheet ...", etc….. The non-recoverability for clerical tasks may also be applicable to those entries labeled "Assistance with...." ….

"Courts in this district generally consider tasks such as mailing and telefaxing correspondence, making routing calls to clients, obtaining pleadings from the court's database and printing documents as secretarial functions. *See Allen v. McClain EZ Pack of Alabama, Inc*. 665 F.2d at 697; *Johnson v. TMI Mgmt. Sys., Inc.,* 2012 WL 4435304, *5; *Oden*, 2013 WL 4046456, * 8." Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013). See also Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," "receiving and indexing certified mail receipts," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable time for the purposes of the fee petition).

1.     **Reasonable Rate**

As the parties requesting fees, Plaintiff bears the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed[]'"). Additionally, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Moreover, this Court's prior awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this district for attorneys of reasonably comparable skill, experience, and reputation to the attorney seeking an award of fees. Langford v. Hale Cty. Ala. Comm'n, 2016 WL 4976859, *3 (S.D. Ala. Sept. 16, 2016).

Plaintiff seeks the following**: $350/hour** for Talbott with over 20 years of experience; **$175/hour** for Stallings with approximately two (2) years of experience; and **$90/hour** for paralegal Freeman. Counsel asserts that the rates are reasonable and charged by attorneys in Northern, Central and Southern Florida -- the market which he asserts should be used to the lack of FLSA attorneys in Mobile, Alabama. (Doc. 41-1; Doc. 41-2 (Decltn. Talbott)).

At the outset, the relevant market rate is Mobile, Alabama, not Florida as counsel suggests. With regard to Talbott, in recent FLSA cases, the undersigned found $250/hour to be a reasonable hourly rate for an attorney with 19 years and with 28 years of experience, and $225/hour to be reasonable for 14 years of experience. Criswell v. Mobile Housing Bd., Civil Action 14-00047-KD-N (S.D. Ala. Aug. 3, 2016) (Doc. 99). See also e.g., Smith v. Cmty. Loans of Am., Inc., 2013 WL 372113, *7 (S.D. Ala. Jan. 30, 2013) (awarding $250/hour for an attorney with 15 years of experience); McCants v. Fred's of Tenn., Inc., 2013 WL 172900, *4 (S.D. Ala. Jan. 16, 2013) (awarding $250/hour for an attorney with 11 years of experience in employment litigation); Higdon v. Critter Control of the Gulf Coast, LLC, 2013 WL 673462, *5 (S.D. Ala. Feb. 25, 2013) (awarding $250/hour to counsel who had been practicing since 1989); Goldsby v. Renosol Seating, LLC, 2013 WL 6535253, *9 (S.D. Ala. Dec. 13, 2013) (finding $250-$300/hour reasonable "for more experienced and qualified attorneys[.]"); Oden v. Vilsack, 2013 WL 4046456, *6 (S.D. Ala. Aug. 9, 2013) (awarding $250/hour as a reasonable rate for attorneys with 15 years of experience); Decorative Components Incorporated, Inc. v. ICON Computing Solutions, Inc., 2012 WL 5398800, *5-6 (S.D. Ala. Nov. 2, 2012) (recognizing that $250-$350/hour was reasonable for "top Mobile lawyers in complex cases" and $250/hour "for an attorney with 15 years of experience as a law firm partner[]"). Upon consideration, the Court finds that the reasonable rate for Talbott, with 20 years of experience, is **$250/hour**.

Concerning Stallings, the Court has previously determined $150/hour to be a reasonable rate for counsel with only a few years of experience. See, e.g., Denny Mfg. Co. v. Drops & Props, Inc., 2011 WL 2180358, *3-5 (S.D. Ala. June 1, 2011) (finding $150/hour to be a reasonable rate for second-year associate); Gulf Coast Asphalt, 2011 WL 612737, *4 (finding

$145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. June 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate); Garrett, 956 F.Supp.2d at 1341 (finding reasonable $150/hour for an associate with one (1) to two (2) years of experience); Vision Bank v. FP Mgt., LLC, 2012 WL 222951, *3 (S.D. Ala. Jan. 25, 2012) (finding $150 per hour a reasonable rate for an associate attorney with an indeterminate amount of experience). Upon consideration, the Court finds that the reasonable rate for Stallings, with approximately two (2) years of experience, is **$150/hour**.

Concerning paralegal Freeman, this Court has found **$75/hour** to be reasonable for paralegals. PNC Bank v. Classic Crab, Inc., 2016 WL 4257360, *5 (S.D. Ala. Aug. 11, 2016); Denny Mfg., 2011 WL 2180358, *5; Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *5 (S.D. Ala. Feb. 3, 2011). Upon consideration, the reasonable rate for paralegal Freeman (for work performed that is traditionally done by an attorney as noted *supra*), is **$75/hour.**

### 2. Reasonable Hours

Counsel has submitted varying total hours ranging from 31.30 to 52.10: for instance, for Talbott -- 28 to 31.10 hours and for paralegal Freeman -- 3.3 to 8.7 hours. *Cf.* Doc. 41 at 5, 11, *with* Doc. 41-1 at 8, Doc. 41-2 at 6, and Doc. 54 at 5. Counsel's request for Stallings' time appear consistent -- 13.30 hours.

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding a fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are

not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 573-574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded .... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. at 573 See also Wolff, 2012 WL 5303665, *4-5. "[I]n light of the disparity between what [P]laintiff claimed and what her attorneys now seek for obtaining the recovery, there is potential for the fee award to become a windfall for [P]laintiff's counsel. FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith. The court considers these factors in determining the reduction to be applied to the fees requested in this action." Wolff, 2012 WL 5303665, *5. See also, e.g., Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1168 (S.D. Fla. 2003) (denying fees as counsel "seem[ed] to have leveraged a small sum as a stepping-stone to a disproportionately large award" by seeking almost $16,000 for a $315.89 FLSA claim).

Moreover, when a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). See also e.g., Padurjan,

441 Fed. Appx. at 687 (finding that the district court did not err when it reduced the hours expended by 50% across the board); Garrett, 956 F.Supp.2d at 1343-1344 (applying an across the board cut of 10% for excessive fees); SE Property Holdings, LLC v. Green, 2013 WL 790902, *6 (S.D. Ala. Mar. 1, 2013) (applying an across the board reduction of 15% for clerical tasks performed by attorneys or paralegals, excessive billing for intra-office conferences among five timekeepers on small matters, premature preparation of litigation documents that were not filed, and billings for monthly status reports); Barnes, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary[]"); Whitney Bank v. Davis-Jeffries-Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (applying a 50% across the board cut); Alorica, 2012 WL 5452196, *7 (exacting a 50% across the board cut to the hours billed in an FLSA settlement case); Western Sur. Co. v. Bradford Elec. Co., Inc., 483 F.Supp.2d 1114, 1121 (N.D. Ala. 2007) (noting that hours spent on clerical work is not recoverable and time billed must not be excessive, redundant or otherwise unnecessary and allowing for reductions in time for various activities, including reductions of 1/3 of the time billed); United States v. Adkinson, 256 F.Supp.2d 1297, 1316 (S.D. Fla. 2003) (reducing the amount of hours billed by 20% due to their excessive nature).

Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Hensley, 461 U.S. at 433-434. See also e.g., Norman, 836 F.2d at 1299, 1303 ("[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent

judgment[]") (citations omitted); Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (25% across the board reduction). And as noted *supra*, "regardless of who performs them[,]" clerical or secretarial tasks (i.e., administrative) are not recoverable.

### 1) Talbott

In its current motion, Talbott seeks 28 hours, while the prior motion (Doc. 41) seeks 30.10 hours of recoverable time. The Court considers Talbott's current request for 28 hours as a reduction of his billed time from the amount originally submitted. Additionally, as noted *supra*, attorneys cannot recover time billed for secretarial/administrative time (e.g., e-filing, preparing civil cover sheets/summons, receipt/review of CM/ECF and docket filings as prepared/filed by counsel). As such, the following entries are non-recoverable: 6/15/17 prepare civil cover sheet (.20), draft summons (.20), draft summons (.10); 7/6/17 prepare notice (.20); 9/28/17 receipt/review notice of compliance (.20), reviewing the summary of hours worked on 9/28/17 (.30 hours); 10/27/17 receipt/review minute entry (.10); 10/30/17 draft summons (.20), receipt/review set hearing (.10); 11/14/17 receipt/review reset hearing (.20); 11/20/17 receipt/review reset hearing (.20); 12/5/17 receipt/review clerk's notice (.10). However, because Talbott has *already* reduced his time from 30.10 to 28 hours, the Court construes these non-recoverable items as contained *within* that reduction. As to the remainder, the Court finds that the 28 hours billed appear reasonable and proper such that they are due to be recovered such that the request for 28 hours of billed time for Talbott is **GRANTED**.

**2)** **Stallings**

Counsel seeks 13.30 hours of recoverable time for Stallings' work. Upon review of the time descriptions for each entry, the hours appear reasonable and proper such that they are due to be recovered. As such, the request for 13.30 hours of Stallings' billed time is **GRANTED.**

**3)** **Freeman**

Counsel seeks 8.7 hours of paralegal time by Freeman. However, none of the paralegal time appears recoverable. As noted *supra*, non-recoverable time includes sending/receiving emails, e-filing documents, and making administrative calls to clients. Freeman's paralegal time consists of these types of overhead expenses (administrative/secretarial tasks). As such, the Court **DENIES** the request for 8.7 hours of Freeman's time.

**3.    The Lodestar**

"For decades the law in this circuit has been that '[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Norman, 836 F.2d at 1303. Accordingly, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the [appellate] court may make the award on its own experience." Id. The lodestar figure established may be adjusted by consideration of various factors including the following:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988). After consideration of the foregoing factors, the Court finds no need to adjust the lodestar.

### 4. Conclusion

As such, the Court finds the following in attorneys' fees to be reasonable:

| BILLER | POSITION | HOURS | RATE | AWARD |
|---|---|---|---|---|
| **Talbott** | Senior Attorney – 20 years | 28 | $250/hour | $7,000.00 |
| **Stallings** | Associate - 2 years | 13.30 | $150/hour | $1,995.00 |
| **Freeman** | Paralegal - 5 years | 0 | $75/hour | $0.00 |
| TOTAL | | | | $8,995.00 |

The total for the lodestar amounts to $8,995.00 in attorney fees. However, counsel only seeks recovery of $8,663.42, as set forth in Doc. 54 and the settlement at Doc. 54-1. As counsel has *apparently* already further negotiated and reduced the fees sought to a lower sum, the requested lower sum of **$8,663.42** shall be awarded as reasonable.

### B. Costs

The parties agree to **$666.58** in costs as part of the settlement. Counsel originally submitted costs totaling $743.98. The costs sought are for postage, the complaint filing fee, process servers, mileage, and facsimile/scan/copy charges. (Doc. 41-1 at 8). Thus, the parties apparently[10] negotiated a lower sum from the amount actually incurred by counsel. The request is **GRANTED** as reasonable.

---

[10] An unexplained reduction from $743.98. *Cf.* Doc. 41 at 16 with Doc. 54. There is no information before the Court as to what costs were deleted.

**IV.    Conclusion**

Accordingly, it is **ORDERED** that the parties' third motion to approve the FLSA settlement (Doc. 54) and the proposed FLSA settlement agreement (Doc. 54-1), as supplemented by Doc. 41) is **APPROVED** and the motion **GRANTED**.

**DONE** and **ORDERED** this the **24th** day of **July 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**